UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ARTEAGA,

    Plaintiff,

v.

SUSAN HUBBARD, et al.,

    Defendants.

No. C 15-3950 NC (PR)

**ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION**

Plaintiff Anthony Arteaga, a California state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants have violated his constitutional rights. Plaintiff is granted *in forma pauperis* status in a separate order. For the reasons that follow, the Court dismisses Plaintiff's complaint, in part. Defendants are directed to file a dispositive motion or notice regarding such motion regarding the remaining claims.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claim

Plaintiff alleges that on September 24, 2013, Plaintiff appeared before the Department Review Board ("DRB") for consideration for placement into the California Department of Corrections and Rehabilitation's ("CDCR") "Step Down Program," ("SDP") which is a psychotherapeutic treatment program. The SDP is an "integrated, cognitive behavior change program" given or offered to inmates housed in the Security Housing Unit ("SHU"). Inmates must successfully complete long-term cognitive behavioral therapy as a condition to release from SHU, and to regain their ability to earn time-credits.

Plaintiff alleges that Defendants forced him to undergo therapy through the SDP. Liberally construed, Plaintiff has stated cognizable claims for relief that in doing so, Defendants violated his right to due process,[1] and the doctrine of unconstitutional conditions.

Plaintiff also alleges that Defendants violated the "doctrine of informed consent." This doctrine is one grounded in state law, and therefore, is not cognizable in a federal civil rights complaint. However, the Court will exercise supplemental jurisdiction over this state law claim.

Plaintiff further claims that Defendant Butler, a psychologist, was deliberately indifferent by failing to intervene and protect Plaintiff from continuing to undergo behavioral therapy. Allegations in a pro se complaint sufficient to raise an inference that the named

---

[1] Plaintiff also claims that Defendants have acted contrary to *Vitek v. Jones*, 445 U.S. 480 (1980), by stigmatizing him as mentally ill (which requires Plaintiff to undergo mandatory behavior modification therapy), and validating him as an STG associate, i.e., a prison gang associate. *Vitek* involved an inmate who was involuntarily transferred from prison to a mental hospital, without a finding that the inmate was suffering from a mental illness for which he could not receive adequate treatment in prison. *See id.* at 493-94. *Vitek* is distinguishable from Plaintiff's situation, and inapplicable to Plaintiff.

2

1 prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded
2 that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See*
3 *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (citing *Farmer v. Brennan*, 511
4 U.S. 825, 847 (1994)). The failure of prison officials to protect inmates from dangerous
5 conditions at the prison violates the Eighth Amendment when two requirements are met: (1)
6 the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
7 subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A
8 prison official is deliberately indifferent if he knows of and disregards an excessive risk to
9 inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. As alleged,
10 Plaintiff's unwanted cognitive therapy is not an objectively, sufficiently serious deprivation
11 to warrant Eighth Amendment protection and trigger a cruel and unusual punishment
12 analysis. Accordingly, this claim is DISMISSED.

13 Finally, Plaintiff claims that his placement in the SDP program infringes upon his
14 right to free speech, thought, and belief under the First Amendment. Plaintiff asserts that the
15 cognitive behavior therapy is an attempt to indoctrinate Plaintiff with government-prescribed
16 thoughts and beliefs against Plaintiff's will. A prisoner retains those First Amendment rights
17 that are "not inconsistent with his status as a prisoner or with the legitimate penological
18 objectives of the corrections system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th
19 Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129
20 (1977)) (internal quotation marks omitted). Accordingly, a prison regulation that impinges
21 on a prisoner's First Amendment right to free speech or thought is valid only "if it is
22 reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U. S. 223, 229
23 (2001) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). As alleged, Plaintiff's claim does
24 not plausibly suggest that the cognitive behavior therapy is a type of "state-sponsored effort
25 at mind control," or that the therapy in any way will force Plaintiff to adopt anyone else's
26 morals or values. (Compl. at 14.) Accordingly, this claim is DISMISSED.

27 Because it is beyond doubt that Plaintiff could amend the dismissed claims to state a
28 cognizable claim for relief, the dismissal of Plaintiff's claims of a violation of the Eighth

3

Amendment, and of the First Amendment are without leave to amend.

## CONCLUSION

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge consent form, and a copy of this order to **Director Susan Hubbard and Deputy Director Derral Adams at CDCR; Warden Clark Ducart, Associate Warden R.K. Swift, P. Butler, and K.A. Nealy** at **Pelican Bay State Prison**. The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, and Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waivers are sent from the court, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. **At that time, Defendants shall also file the magistrate judge consent form.**

4

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.     All communications by the Plaintiff with the court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   December 1, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

5